24-140 Vanga v. Lustig Here we're going to proceed via Zoom. Okay, well, let's wait a second. Okay, go ahead, Ms. Vanga. Your Honor, while the parties briefs address various issues, today I want to focus this court's attention on the UCL claim and how this case really comes down to one critical issue. The district court's complete silence about my timely objections to the Magistrate Judge's UCL claim recommendation. On November 12, 2023, in Appendix A-388 to 389-27, and amended objections on November 20, in Appendix A-417 to 419, I challenged Magistrate Judge R.N. Reid. Under Hines v. Squillis, my objections were superseded and supported by Biden's legal authority from Vanga I, triggering mandatory de novo review. The district court's complete silence violated my Article III Constitutional Rights, the Federal Review Requirement under Title Section C-636B, and the Full Pay and Credit Act by ignoring binding California Court of Appeals precedent. May I proceed further, Your Honor? Yes, go ahead. This case presents exactly the plain error condemning Garcia v. Squillis. As I mentioned earlier, my UCL objections defendant filed no opposition, effectively conceding their validity. Just the district court was completely silent. And if I may ask you just one question for clarification, Ms. Vanga, did I pronounce that correctly? Excuse me? Did I pronounce your name correctly? I just want to make sure I'm pronouncing your name correctly, ma'am. Yes, Your Honor, Vanga. Ms. Vanga, the question I had is, I just want to clarify that one of the things you're appealing is that you believe the district court committed error in turning the motion to dismiss into a motion for summary judgment, correct? No, there is no summary judgment. It was just a motion to dismiss. Right, but the court then turned it into a motion for summary judgment and granted summary judgment, and you're upset about that, correct? Yeah, because, you know, there are several procedural errors in this case, but basically I just want to focus on the UCL claim because this dismissal of the claim changed every legal form of the case. So next, Your Highness, when objections are specific and supported by legal authority, the judge must conduct renewal review. My objections clearly met both requirements. They were detailed, they were specific, and they pointed out exact errors that were made. But, and I also, these objections were supported by binding authority Vanga 1, explicitly stated that Vanga may also be able to plead a claim under unfair competition law based on the region's violation of health and safety code section 12131110. And the court had opposed objection, but the judge did not review my objection, and because of this, ignoring my objections, it changed up everything in this case. And this is not a procedural oversight, it is dispositive. The UCL claim changes everything. And by ignoring these objections, it corrected every subsequent ruling. My case, parallel this court's precedent. In Garcia, this court found plain error when courts failed to address objections. Doe v. Colgate held that failure to conduct renewal review requires remandment. But here is the key. Difference, my objections were unopposed, making the court's silence even more problematic. Okay. Thank you very much, Ms. Vanga. We have that argument. The case is submitted.